## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2019, 9:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Katherine N. Worman
Evansville, Indiana

ATTORNEY FOR APPELLEE

E. Lee Veazey
Massey Law Offices, LLC
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoptions of V.B. and S.B. *(Minor Children)*, | April 9, 2019 |
| | Court of Appeals Case No. 18A-AD-2566 |
| D.G. *(Father)*, | Appeal from the Vanderburgh Superior Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Brett J. Niemeier, Judge |
| D.H. *(Adoptive Father)*, | The Honorable Renee A. Ferguson, Magistrate |
| *Appellee-Petitioner.* | Trial Court Cause Nos. 82D04-1804-AD-71 82D04-1804-AD-76 |

**Robb, Judge.**

# Case Summary and Issue

[1] The juvenile court granted a petition by D.H. ("Adoptive Father"), the spouse of A.H., the biological mother of S.B. and V.B. (collectively, "the Children"), to adopt the Children, finding the consent of D.G., the Children's biological father, was not required. D.G. appeals the juvenile court's order granting the petition for adoption, raising one issue for our review, which we restate as whether the juvenile court erred in concluding D.G.'s consent to the adoption was not required. Concluding the juvenile court did not err and D.G.'s consent was not required, we affirm.

# Facts and Procedural History

[2] The Children, S.B. and V.B., were born on April 24, 2003, and December 13, 2005, respectively. Twelve years later, on December 19, 2017, D.G. pleaded guilty to two counts of sexual misconduct with a minor and two counts of incest, all four Level 4 felonies. D.G. was sentenced on March 1, 2018, to an aggregate sentence of twelve years with eight years to be executed at the Indiana Department of Correction and the remaining four years to be served on probation.

[3] S.B. was the victim of D.G.'s crimes and by the terms of the plea agreement, D.G. is prohibited from having contact with S.B., he must stay off the property where S.B. or her family resides, and he must register as a sex offender. D.G.'s earliest possible release date is September 19, 2023, at which point S.B. will be

twenty years old and V.B. will be less than two months shy of her eighteenth birthday. D.G. will then remain on probation for another four years during which time the no contact order remains in effect.

[4] Adoptive Father filed petitions to adopt the Children on April 16, 2018. Adoptive Father alleged therein that D.G. had been "convicted of and is currently in prison for a conviction for [incest] and pursuant to [Indiana Code section] 31-19-9-10(1)(G) his consent is not required for this adoption petition." Appellant's Amended Appendix, Volume II at 13, 74. A.H. consented to the adoption, stating that Adoptive Father has "provided financial support, emotional support, and love" to the Children since 2016. *Id.* at 16, 84.

[5] D.G. objected to the adoption on June 25 and D.G. was appointed counsel. A consent hearing was conducted on August 21, and at the close of testimony, the juvenile court found:

> Alright, at this time the Court finds that [D.G.'s] consent is not required. . . . And the Court must further find that dispensing with the parent's consent to adoption is in the child's best interest. Given [D.G.'s] propensity for crimes of a sexual nature and the fact that he continues and will continue for the near future in the Indiana Department of Correction, and given the nature of the crime against [S.B.] and its repercussions on [V.B.], the Court finds that it is in the best interest of the [C]hildren that they be adopted by [Adoptive Father].

Transcript, Volume II at 29-30. On September 12, 2018, the juvenile court entered adoption decrees as well as findings of fact and conclusions of law[1] on the issue of whether D.G.'s consent to the adoption was necessary:

Findings of Fact

3.      [D.G.] is the birth father of [V.B. and S.B.], and he does not consent to this adoption Petition and he filed an objection to this adoption petition.

* * *

5.      [D.G.] is currently in the Indiana Department of Correction (IDOC) as a result of pleading guilty in [a criminal case] where [D.G.] was charged with five counts of violating IC 35-42-4-9(e) and five counts of IC 35-46-1-3, all counts against his daughter [S.B.], [V.B.'s] sister. [D.G.] entered into a plea agreement where he pled guilty to two counts of IC 35-46-1-3 and two counts of IC 35-42-4-9(e).

6.      According to the [IDOC] website and confirmed by [D.G.'s] testimony, [D.G.'s] current scheduled release date is September 19, 2023. The plea agreement also requires four (4) years of probation and includes a no contact order for [S.B.] and that he must stay off the property where [S.B.] or her family reside which includes [V.B.].

---

[1] The juvenile court entered separate Court's Findings of Fact, Conclusions of Law and Ruling on Whether Birth Father's Consent is Required for both S.B. and V.B. *See* Appealed Order at 4-6; 10-13. With few exceptions, the two documents are materially identical, and we have therefore combined the two documents for the sake of brevity.

7. According to [D.G.'s] own testimony, he also has had previous a conviction for sex abuse in Illinois around 2005 and a conviction for aggravated battery around 2010. [D.G.] served time in prison for both convictions.

8. [D.G.] was also arrested in Indiana for failure to register as a sex offender, but [D.G.] explained in his testimony because he was already in jail for the aggravated battery that had resulted in a knife injury to another person that eventually these charges were dismissed when Indiana found out [D.G.] was in jail in Illinois.

9. [A.H.] testified that the adoption petition was filed as a result of her daughter asking if the Petitioner, [Adoptive Father], could adopt her.

10. [A.H.] testified that [Adoptive Father's] relationship with [V.B.] is close and that she believes it is in [V.B.'s] best interest for [Adoptive Father] to adopt [V.B.].

11. The Court took judicial notice of all Indiana criminal records for [D.G.].[2]

Conclusions

1. [Adoptive Father] alleges that [D.G.'s] consent is not required pursuant to IC 31-19-9-10(1)(G), (2), and (3).

---

[2] The order pertaining to S.B. includes an additional finding, namely: "[S.B.] being 15 years of age signed a consent to the adoption which is filed with the court." Appealed Order at 11, ¶ 11.

2. The burden is with [Adoptive Father] to establish by clear and convincing evidence that the child's best interest is served by the court dispensing with [D.G.'s] consent.

3. [D.G.], biological father to [S.B. and V.B.], has pled guilty to IC 35-46-1-3 for committing incest against [S.B., V.B.'s sister,] and a judgment was entered against him.

4. Pursuant to IC 31-19-9-10(1)(G), (2), and (3), this court finds that the [Adoptive Father] has met his burden by clear and convincing evidence that: 1) [D.G.'s] consent is not required pursuant to [D.G.'s] conviction of IC 35-46-1-3, when the victim is a child of the offender [or the child's sister is the victim of the offender], and 2) the court determines it is in the child's best interest to dispense with [D.G.'s] consent.

Appealed Order at 4-6; 10-13. D.G. now appeals.

# Discussion and Decision

## I. Standard of Review

[6] We review the entry of an adoption decree by considering the evidence most favorable to the petitioner and the reasonable inferences which can be drawn therefrom to determine whether sufficient evidence exists to sustain the juvenile court's decision. *Matter of Adoption of C.J.*, 71 N.E.3d 436, 442 (Ind. Ct. App. 2017). We will overturn the juvenile court's decision only when the evidence leads to one conclusion and the juvenile court reached the opposite conclusion. *In re Adoption of S.O.*, 56 N.E.3d 77, 80 (Ind. Ct. App. 2016). "The decision of

the juvenile court is presumed to be correct, and it is the appellant's burden to overcome that presumption." *K.S. v. D.S.*, 64 N.E.3d 1209, 1214 (Ind. Ct. App. 2016).

[7] Moreover, where, as here, the juvenile court enters specific findings of fact and conclusions thereon, we apply a two-tiered standard of review: we first determine whether the evidence supports the findings and second, whether the findings support the judgment. *In re the Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006). "The [juvenile] court's findings are clearly erroneous if the record lacks any evidence or reasonable inferences to support them [and] [a] judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings." *Id.*

## II. Best Interests of the Children

[8] Pursuant to Indiana Code section 31-19-11-1(a), a juvenile court shall grant a petition for adoption if the adoption is in the child's best interests, the petitioner is sufficiently capable of rearing and supporting the child, and proper consent, if required, has been given. Indiana Code section 31-19-9-10 provides:

> A court shall determine that consent to adoption is not required from a parent if:
>
> > (1) The parent is convicted of and incarcerated at the time of filing a petition for adoption for:
> >
> > * * *
> >
> > (G) incest (IC 35-46-1-3) as a:

* * *

(ii) Level 4 felony, for a crime committed after June 30, 2014;

* * *

(2) the child or child's sibling . . . is the victim of the offense; and

(3) after notice to the parent and a hearing, the court determines that dispensing with the parent's consent to adoption is in the child's best interests.

[9] Here, it is uncontested that D.G. was convicted of incest as a Level 4 felony, D.G. was incarcerated at the time the petitions for adoption were filed, S.B. was the victim of the offense, and V.B. was S.B.'s sibling. The only remaining question to determine whether D.G.'s consent to the adoption was required, therefore, is whether dispensing with D.G.'s consent was in the Children's best interests and D.G. now "challenges the [juvenile court's] determination that dispensing with [his] consent to the adoption is in the [Children's] best interest." Appellant's Brief at 8.

[10] Notably however, where a petitioner seeks a determination that a parent's consent to an adoption is not required, a juvenile court is required to conduct two, separate evaluations of the child's best interests. First, as discussed above, the juvenile court must determine that dispensing with the parent's consent to the adoption is in the child's best interests. *See* Ind. Code § 31-19-11-10(3). Then, having concluded the parent's consent to the adoption is not required, "the court must still determine whether adoption is in the child's best interests."

*In re Adoption of M.S.*, 10 N.E.3d 1272, 1281 (Ind. Ct. App. 2014) (citing Ind. Code § 31-19-11-1(a)(1)).

[11] Despite framing the issue as a challenge to the juvenile court's finding that dispensing with his consent to the adoption was not in the Children's best interests, D.G. fails to advance such an argument. Indiana Appellate Rule 46(A)(8)(a) provides that the argument section of the appellant's brief must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning[,]" along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts under review. Because D.G. has failed to do so, the argument has been waived. *See, e.g., Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012) ("Failure to comply with this rule results in waiver of the argument on appeal.").

[12] Instead, D.G. argues that A.H.'s behavior is "also detrimental to the Children's mental development[,]" that A.H. has been married several times previously, and that A.H. had only been married to Adoptive Father for "three . . . months at the time the adoption petitions were filed[.]" Appellant's Br. at 9. His underlying concern, he explains, is that "the marriage to [Adoptive Father] [will] not last," and "the number of 'dads' that [have] been in the Children's lives." *Id.* We therefore view D.G.'s argument as a challenge to the juvenile court's conclusion that adoption was in the Children's best interests pursuant to Indiana Code section 31-19-11-1(a)(1), not whether dispensing with his consent was in the Children's best interests pursuant to Indiana Code section 31-19-9-

10(3). Regardless of which conclusion D.G. is challenging, however, we find his arguments unpersuasive.

[13] The primary concern in every adoption proceeding is the best interests of the child. *In re Adoption of M.L.*, 973 N.E.2d 1216, 1224 (Ind. Ct. App. 2012). Although "[t]he adoption statute does not provide guidance for which factors to consider when determining the best interests of a child in an adoption proceeding . . . we have noted that there are strong similarities between the adoption statute and the termination of parental rights statute in this respect." *In re Adoption of M.S.*, 10 N.E.3d at 1280. In termination cases, we have held the juvenile court is required to look to the totality of the evidence to determine the best interests of a child. *Id.* Relevant factors include a parent's historical and current inability to provide a suitable environment for the child as well as the child's need for permanency and stability. *Id.*

[14] Here, the juvenile court concluded adoption was in the Children's best interests, finding that Adoptive Father had a close relationship with the Children and that the Children had asked to be adopted by Adoptive Father. A.H. testified "[Adoptive Father] takes amazing care of the kids. He's a completely different father to 'em [sic] than anybody that they've ever had in their life. He cares for them. They adore him." Tr., Vol. II at 27. Moreover, D.G. was incarcerated at the filing of the adoption petitions and he will remain incarcerated until only a few months before the youngest child's eighteenth birthday. Even then, a no contact order will prohibit D.G. from contacting the Children for an additional four years while he serves the remainder of his sentence on probation.

Adoption clearly serves the Children's need for permanency and stability. Finally, there is no question that D.G. has negatively impacted the Children's mental and emotional development and D.G. has failed to offer any reason to suspect this will change. We therefore conclude the record supports the juvenile court's conclusion that D.G.'s consent to the adoption of the Children was not required and adoption of the Children by Adoptive Father was in the Children's best interests.

## Conclusion

[15] The juvenile court did not err in granting the adoption over D.G.'s objection because D.G.'s consent was not required. Accordingly, the judgment of the juvenile court is affirmed.

[16] Affirmed.

Baker, J., and Najam, J., concur.